**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**


**STEPHANIE THOMPSON,**

               **Plaintiff,**

        **vs.**                          **Case No. 2:04-CV-1025**
                                              **Judge Graham**
                                              **Magistrate Judge King**

**TAM MANAGEMENT
SERVICES, INC.,** *et al.***,**

               **Defendants.**


## REPORT and RECOMMENDATION

Plaintiff Stephanie Thompson [hereinafter "Plaintiff"] asserts a claim under the Ohio Consumer Sales Practices Act, O.R.C. § 1345.01 *et seq.,* in connection with Defendants' alleged failure to remove false information from plaintiff's consumer credit report. Defendants removed this action pursuant to 28 U.S.C. § 1441 as a case arising under federal law, 28 U.S.C. § 1331. This matter is before the Court on the motion of Defendants for change of venue, Doc. No. 3, and the motion of Plaintiff to remand this case to state court, Doc. No. 15. Because, for the reasons stated *infra*, the Court concludes that the action was not properly removed to this Court, the Court will not consider the defendants' motion for change of venue.

## I.    Background

Plaintiff, an Ohio resident, originally brought this action in the Franklin County Municipal Court based on allegations that Defendants had falsely reported to a local consumer credit reporting bureau that Plaintiff owed a sum of money to Tam Management Services, Inc. [hereinafter "TAM"] on a non-existent lease agreement.  Plaintiff maintains that, on approximately November 1, 2001, Plaintiff entered into an oral agreement to rent an apartment from Defendant TAM, a Pennsylvania company, at one of its properties in Pittsburgh, Pennsylvania.  *Complaint,* at ¶ 5.  Prior to executing a written lease agreement, however, Plaintiff terminated her occupancy at this property, vacated the premises and returned to Ohio.  *Id.,* at ¶ 6.  Plaintiff claims that,  on approximately August 20, 2002, Credit Bureau Services [hereinafter "CBS"], a debt collection agency located in Pennsylvania, mailed Plaintiff at her Ohio residence a collection notice for $2,280.  *Complaint,* at ¶¶ 4, 8.  The collection notice advised Plaintiff that she owed a debt to TAM, arising out of an allegedly unpaid lease agreement.  *Id.,* at ¶¶ 3, 8.  Upon learning of this debt, Plaintiff provided written notice to CBS that she disputed this debt, advising CBS that, because there was no written lease with TAM she therefore did not owe the amount claimed.  *Id.,* at ¶ 8.  On approximately August 1, 2004, and after being refused a lease at a local apartment complex, Plaintiff learned that the claimed debt had nevertheless been reported on her credit record at the Credit Bureau of Columbus.  *Id.,* at ¶ 10.  Plaintiff alleges that TAM and CBS violated the Ohio Consumer Sales Practices Act, O.R.C. § 1345.01 *et seq.*  She also asserts a defamation claim.  *Id.,* at ¶¶ 11-38.

On October 22, 2004, Defendants removed the case to this Court, arguing that federal law, *i.e.,* the Fair Credit Reporting Act [hereinafter "FCRA"], 15 U.S.C. §§ 1681t(b)(1)(F),  1681p,

2

wholly pre-empts plaintiff's claims. Doc. No. 1. Plaintiff disagrees and argues that this Court lacks

jurisdiction over the action. Doc. No. 15.[1]

## II.      Motion to Remand

### A.      Standard

Removal statutes are strictly construed and the party seeking removal bears the burden of

establishing its right thereto. *Her Majesty The Queen in Right of the Province of Ontario v. City of*

*Detroit,* 874 F.2d 332 (6th Cir. 1989); *City of Tipp City v. City of Dayton,* 204 F.R.D. 388 (S.D. Ohio

2001). Defendants removed this matter pursuant to § 1441, which provides that "any civil action

brought in a State court of which the district courts of the United States have original jurisdiction,

may be removed by the defendant ...." 28 U.S.C. § 1441(a). Defendants argue that this Court is

vested with original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's complaint is based

on facts giving rise to a claim under the FCRA.

Section 1331 provides, "The district courts shall have original jurisdiction of all civil actions

arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction

under § 1331 is governed by the "well-pleaded complaint rule," *Caterpillar, Inc. v. Williams,* 482

U.S. 386 (1987), which provides that federal jurisdiction exists under § 1331 only when a federal

question is presented on the face of a properly pleaded complaint. *Id.,* at 392-93. If the complaint

relies on only state law, the district court generally lacks subject matter jurisdiction and the action

is not removable. Furthermore, "a case may not be removed to federal court on the basis of a federal

defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's

---

[1]Although the parties may be of diverse citizenship, the jurisdictional amount required by 28 U.S.C. §1332 has not been met and removal on the basis of diversity jurisdiction would not be proper.

complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Robinson v. Michigan Consol. Gas Co.,* 918 F.2d 579, 585 (6th Cir. 1990)(quoting *Caterpillar,* 482 U.S. at 393). However, the United States Supreme Court has developed a narrow exception to the well-pleaded complaint rule. If Congress intends that a federal statute "completely pre-empt" an area of state law, any complaint alleging claims falling within that area of state law is presumed to assert a claim arising under federal law .[2] *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64 (1987).

      **B.**     **Application**

The parties do not dispute that Plaintiff has not expressly invoked the FCRA or any other federal statute in the complaint. Therefore, the question before the Court is whether the FCRA completely pre-empts Plaintiff's state law claims such that the case was removable and federal question jurisdiction exists.

      **1.**     **Complete Pre-emption**

The United States Supreme Court has demonstrated reluctance to extend application of the "complete pre-emption" doctrine and has largely limited its notion of complete pre-emption to two federal statutes, the Employee Retirement Income Security Act [hereinafter "ERISA"], 29 U.S.C. § 1144(a), and the Labor Management and Relations Act [hereinafter "LMRA"], 29 U.S.C. § 185(a). *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987); *Caterpillar,* 482 U.S. at 386. In fact, pre-emption transforms a state law claim into a federal claim only "where the pre-emptive force of a statute is [] 'extraordinary.'" *Owen v. Carpenters' District Council,* 161 F.3d 767, 772 (4th Cir.

---

[2]Complete pre-emption is to be distinguished from "conflict pre-emption," "where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Dunson-Taylor v. Metropolitan Life Ins. Co.,* 164 F. Supp. 2d 988, 992 (S.D. Ohio 2001)(citations omitted). Conflict pre-emption cannot form the basis for removal. *Id.,* at 993.

1998). "The complete pre-emption exception to the well-pleaded complaint rule applies only where the federal pre-emption provision pre-empts all possible causes of action in a certain area, not just where it pre-empts some causes of action or even the specific cause of action at issue." *Swecker v. Trans Union Corp.,* 31 F. Supp. 2d 536, 539 (E.D. Va. 1998). As "federal pre-emption is generally a defensive issue that does not authorize removal of a case to federal court," *Taylor,* 481 U.S. 58 (1987), removal based on federal pre-emption is warranted only where the "pre-emptive force [of the federal statute] is so powerful as to displace entirely any state cause of action." *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists,* 390 U.S. 557 (1968).

The United States Supreme Court has established a two-pronged test to determine whether the "complete pre-emption" doctrine should apply so as to authorize the removal of an otherwise non-removable case. *Taylor,* 481 U.S. 58 (1987). First, the test calls for a determination of whether the plaintiff's state law claims are completely pre-empted, or replaced, by federal law. If they are, then the Court must move to the second inquiry, which requires a determination of whether there is language in the particular federal statute or its legislative history from which to conclude that Congress intended to make the plaintiff's cause of action removable to federal court. *Id.,* at 58.

### 2. Complete Pre-emption as Applied to the FCRA

Defendants argue that the FCRA pre-empts Plaintiff's defamation claims for removal purposes. Section 1681h(e) of the FCRA provides, in pertinent part:

> ... [N]o consumer may bring any action or proceeding in the nature of *defamation,* invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to [this Act], except as to false information furnished with malice or willful intent to injure such consumer.

5

15 U.S.C. § 1681h(e) (emphasis added). It is uniformly held that this "limitation of liability" provision operates as a defense to pre-empt some state law claims. *Harper v. TRW, Inc.,* 881 F. Supp. 294, 298 (E.D. Mich. 1995); *see Thornton v. Equifax, Inc.,* 619 F.2d 700 (8th Cir. 1980). However, the "complete pre-emption doctrine operates only when the statute at issue pre-empts all possible state actions that could otherwise be brought based on the facts alleged." *Swecker,* 31 F. Supp. 2d at 539. Section 1681h(e) expressly recognizes as an exception to pre-emption a defamation claim based on " false information furnished with malice or willful intent to injure" the consumer. 15 U.S.C. § 1681h(e). Thus, even if Plaintiff's defamation claim is preempted by the FCRA, this fact alone is insufficient for removal, as Congress has only partially pre-empted the field.

Defendants also argue that Plaintiff's state law claims are pre-empted by 15 U.S.C. § 1681t(b)(1)(F).[3] That section provides: "No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under...section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies...." 15 U.S.C. § 1681t(b)(1)(F). Section 1681s-2(a) precludes civil liability by way of a private cause of action against furnishers of information who fail to provide accurate information to a credit reporting agency after receiving notice from a consumer that a dispute exists. Thus, these provisions may again serve to defensively pre-empt Plaintiff's state law causes of action. The

---

[3]Defendants rely upon *Bank One N.A. v. Colley,* 294 F. Supp. 2d 864 (M.D. La. 2003), to support this argument. However, in that case, the plaintiff alleged a violation of the FCRA on the face of the complaint. Therefore, removal was proper under the well-pleaded complaint rule. No "complete preemption" issue was presented in that case. The same is true of several other cases cited by Defendants. *Cisneros v. Trans Union, LLC,* 293 F. Supp. 2d 1167 (D. Hawaii 2003); *Stafford v. Cross Country Bank,* 262 F. Supp. 2d 776 (W.D. Ky. 2003); *Vazquez-Garcia v. Trans Union De Puerto Rico,* 222 F. Supp. 2d 150 (D. Puerto Rico 2002); *Hasvold v. First USA Bank, N.A.,* 194 F. Supp. 2d 1228 (D. Wyo. 2002). Although it is true that in all of these cases, the courts found that state law claims were pre-empted by the FCRA, propriety of removal was not an issue because, in addition to alleging state law claims, the complaints in all of those cases also alleged claims for violation of the FCRA. Thus, the "complete pre-emption" doctrine, for removal purposes, was not called into question.

question at hand is whether, for purposes of removal, these provisions completely pre-empt Plaintiff's state law claims. This question can be answered by determining whether Congress intended to render causes of action such as those asserted in this case removable to federal court.

"There is nothing in the legislative history or the FCRA itself to establish that Congress intended that state law causes of action...should be removable." *Harper v. TRW, Inc.,* 881 F. Supp. at 299. In fact, the plain jurisdictional language of the statute militates strongly against complete pre-emption. The FCRA provides in pertinent part that "[a]n action to enforce any liability created under this subchapter may be brought in an appropriate United States district court without regard to the amount in controversy, *or in any other court of competent jurisdiction*...." 15 U.S.C. § 1681p (emphasis added). This apparent grant of "concurrent" jurisdiction suggests that Congress did not intend to render all state law claims removable as pre-empted by the FCRA.[4] In fact, this grant of concurrent jurisdiction distinguishes the FCRA from the LMRA and ERISA, which expressly grant exclusive federal jurisdiction.

A primary purpose of the well-pleaded complaint rule is to allow the plaintiff to act as the master of the complaint.[5] In this case, no federal question appears on the face of the complaint and,

---

[4]"[T]he FCRA does not provide for the removal of state law claims 'because the [statute] explicitly declines to replace all state law causes of action or to provide exclusive jurisdiction in the federal courts, and fails to reflect clearly an intent to make claims removable.'" *Wells v. Shelter General Insurance Co.,* 217 F. Supp. 2d 744, 750 (S.D. Miss. 2002) (*quoting Swecker,* 31 F. Supp. 2d at 539. *See also Watkins v. Trans Union, L.L.C.,* 118 F. Supp. 2d 1217 (N.D. Ala. 2000) ("Congress did not intend to make state law causes of action defensively preempted by the FCRA removable to federal court"); *Sherron v. Greenwood Trust Co.,* 977 F. Supp. 804, 808 (N.D. Miss. 1997) ("[T]here is nothing in the legislative history or the FCRA itself to establish that Congress intended that state law causes of action[s]...be removable").

[5]"[T]he plaintiff is the master of the complaint...[and] may, by eschewing claims based on federal law, choose to have the case heard in state court.... [A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Caterpillar,* 482 U.S. at 398-99.

based upon the federal statutory framework, this Court concludes that the FCRA does not completely pre-empt the field.[6] Conflict pre-emption of the sort created by the FCRA simply fails to establish federal question jurisdiction. For these reasons, this Court concludes that removal of this action was improper.

It is **RECOMMENDED** that Plaintiff's motion to remand, Doc. No. 15, be granted and that this case be remanded to the Municipal Court of Franklin County, Ohio.

If any party seeks reconsideration of this **REPORT and RECOMMENDATION**, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this **REPORT and RECOMMENDATION**, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Responses and objections must be filed within ten (10) days after being served with a copy hereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the **REPORT and RECOMMENDATION** will result in a waiver of the right to initial *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the **REPORT and RECOMMENDATION**. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Harris v. City of Akron,* 20 F.3d 1396 (6th Cir. 1994); *Smith v. Detroit Federation of Teachers, Local 231, American Federation of Teachers, AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987).

---

[6]*See Watkins,* 118 F. Supp. 2d at 1217 (FCRA does not completely pre-empt a defamation action for removal purposes); *Swecker,* 31 F. Supp. 2d at 539 (FCRA does not completely pre-empt a defamation action for removal purposes); *Rule v. Ford Receivables,* 36 F. Supp. 2d 335, 339 (S.D. Va. 1999) (FCRA pre-emption defense does not provide basis for removal); *Harper,* 881 F. Supp. at 299 (holding in a privacy action that "[t]here is nothing in the legislative history or the FCRA itself to establish that Congress intended that state law causes of action such as Plaintiff's should be removable.").

May 13, 2005                                        _____s/Norah McCann King_____
                                                            Norah McCann King
                                                        United States Magistrate Judge