Case: 2:04-cv-01025-JLG-NMK Doc #: 33 Filed: 07/25/05 Page: 1 of 4 PAGEID #: 188

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

STEPHANIE THOMPSON,

    **Plaintiff,**

vs.                                           Case No. 2:04-CV-1025
                                                  Judge Graham
                                                  Magistrate Judge King

TAM MANAGEMENT
SERVICES, INC., *et al.*,

    **Defendants.**

## OPINION and ORDER

Plaintiff Stephanie Thompson [hereinafter "Plaintiff"], an Ohio resident, originally brought this action in the Franklin County Municipal Court based on allegations that Defendants had falsely reported to a local consumer credit reporting bureau that Plaintiff owed a sum of money to TAM Management Services, Inc. [hereinafter "TAM"]. Plaintiff claims that Credit Bureau Services [hereinafter "CBS"], a debt collection agency located in Pennsylvania, mailed to Plaintiff at her Ohio residence a collection notice for $2,280. *Complaint,* at ¶¶ 4, 8. The collection notice advised Plaintiff that she owed a debt to TAM in connection with a lease agreement. *Id.,* at ¶¶ 3, 8. Upon learning of this debt, Plaintiff provided written notice to CBS that she disputed this debt, advising CBS that, because there was no written lease with TAM, she did not owe the amount claimed. *Id.,* at ¶ 8. On approximately August 1, 2004, Plaintiff learned that the claimed debt had nevertheless been reported on her credit record at the Credit Bureau of Columbus. *Id.,* at ¶ 10. Plaintiff alleges that TAM and CBS violated the Ohio Consumer Sales Practices Act, O.R.C. § 1345.01 *et seq.* She also asserts a defamation claim. *Id.,* at ¶¶ 11-38.

On October 22, 2004, Defendants removed the case to this Court, arguing that federal law, *i.e.,* the Fair Credit Reporting Act [hereinafter "FCRA"], 15 U.S.C. §§ 1681t(b)(1)(F), wholly pre-empts Plaintiff's claims. Doc. No. 1. Plaintiff moved to remand the action, Doc. No. 15, and on May 13, 2005, the United States Magistrate Judge recommended that Plaintiff's motion to remand

be granted. *Report and Recommendation,* Doc. No. 24. This matter is now before the Court on Defendants' objections to that *Report and Recommendation,* Doc. No. 26, which the Court will consider *de novo. See* 28 U.S.C. §636(b).

All parties concede that Plaintiff has not expressly invoked federal law in the complaint. It is axiomatic that under the "well pleaded complaint rule," if the complaint relies on only state law then the district court generally lacks subject matter jurisdiction under 28 U.S.C. § 1331.[1] *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987). The complete pre-emption doctrine, however, acts as a narrow exception to the "well pleaded complaint" rule. Under this exception, if Congress intends that a federal statute "completely pre-empt" an area of state law, any complaint alleging claims falling within that area of state law is presumed to assert a claim arising under federal law. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64 (1987). The United States Supreme Court has established a two-pronged test to determine whether the "complete pre-emption" doctrine should apply so as to authorize the removal of an otherwise non-removable case. *Id,* at 58. First, the Court must determine whether the state law claims are completely preempted, or replaced, by federal law. If they are, the Court must then determine whether there is language in the particular federal statute or its legislative history from which to conclude that Congress intended to render the claim removable to federal court. *Id.,* at 58.

In this case, Defendants contend that Plaintiff's state law claims are wholly pre-empted by 15 U.S.C. § 1681t(b)(1)(F), which provides in pertinent part: "No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under...section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies...." Section 1681s-2(a) precludes civil liability by way of a private cause of action against furnishers of credit information who fail to provide accurate information to a credit reporting agency after receiving notice from a consumer that a dispute exists. Defendants argue that

---

[1] Section 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

2

this provision completely pre-empts Plaintiff's state law causes of action because Plaintiff's complaint specifically pleads that the basis of liability arises from Defendants' alleged act of furnishing information to the credit bureau *after* Defendants received notice from Plaintiff that she disputed the debt. In making this argument, Defendants rely on *Bank One N.A. v. Colley,* 294 F. Supp. 2d 864 (M.D. La. 2003). In that case, however, the complaint expressly invoked the FCRA. Therefore, removal was proper under the traditional well-pleaded complaint rule. Although the court found that the plaintiff's state law claims were defensively preempted by the FCRA, the propriety of removal was not at issue in that case.

Defendants confuse complete pre-emption with ordinary pre-emption. *See generally Rodney v. Grand Trunk Western RR, Inc.,* 395 F.3d 318, 323 (6th Cir. 2005). Ordinary pre-emption "is generally a defensive issue that does not authorize removal of a case to federal court," *Taylor,* 481 U.S. at 63-64. Removal based on complete federal pre-emption is warranted only in the extraordinary case where the pre-emptive force of the federal statute is so powerful that it "converts an ordinary state ... law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar,* 482 U.S. at 393.

While it is true that § 1681t(b)(1)(F) may offer a defense to Plaintiff's state law causes of action, that fact does not alone determine whether removal was proper. Complete pre-emption authorizes removal of an otherwise non-removable action only where Congress has manifested its "intent to transfer jurisdiction to federal courts." *Peters v. Lincoln Elec. Co.,* 285 F.3d 456, 468n.11 (6th Cir. 2002). The statute at issue in this case, the FCRA, establishes concurrent state and federal jurisdiction over FCRA claims. 15 U.S.C. § 1681p ["An action to enforce any liability under this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, *or in any other court of competent jurisdiction... .*" (emphasis added)]. Not only is there no evidence in the legislative history of the FCRA of a Congressional intent to permit the removal of claims arising under state law, the FCRA itself contemplates state court jurisdiction over claims arising under the statute. This grant of concurrent jurisdiction suggests that Congress

did not intend to render all state law claims removable as pre-empted by the FCRA. This Court therefore concludes that, because plaintiff's complaint invoked only state law, removal of the action as one arising under federal law was improper.

Defendants' objections to the *Report and Recommendation* are **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Plaintiff's motion to remand, Doc. No. 15, is **GRANTED**. This action is hereby **ORDERED REMANDED** to the Municipal Court of Franklin County, Ohio.

It is so ORDERED.

                                              s/James L. Graham
                                              JAMES L. GRAHAM
                                              United States District Judge

DATED: July 22, 2005